ZELLNER *v.* WARGO.

4-8802                                              218 S. W. 2d 377

Opinion delivered March 21, 1949.

*Warren E. Wood* and *Griffin Smith, Jr.*, for appellant.

*Smith & Smith* and *Hopson & Hopson*, for appellee.

GEORGE ROSE SMITH, J. Appellant brought this action for reformation of a contract by which she sold 560 acres of land to the appellee. Her theory is that she intended to limit the sale to cutover timberland, but that by mutual mistake—or her mistake coupled with appellee's fraud—the contract actually described about twenty-six acres of cultivated land. She concedes that her proof must be clear and convincing to entitle her to relief.

Only three persons were present when the contract was agreed upon and signed in the office of appellant's attorney, DeWitt Poe. Appellant testified that she was unfamiliar with the timberland owned by her husband at the time of his death. She said that before signing the contract she pointed out that only wild lands were being sold, and appellee assured her that no cultivated acreage was involved. Mr. Poe's testimony does not corroborate appellant's version in all details. He said that he definitely remembered a statement that it was wild land, but he readily admitted that he was not requested to put such a limitation in the contract. Appellee denied that anyone mentioned cultivated land and testified that he did not then know exactly where the section lines were or whether the sale included any cleared land.

This evidence falls perceptibly short of the required standard. No doubt there was some reference to wild lands when the agreement was made, but this was natural enough in the circumstances. Appellant admits that less than five percent of the property was in cultivation, while appellee offered proof that only two or three acres were being farmed—less than one percent. In either case it would have been substantially correct to describe the property as wild land. It may even be conceded that

the exclusion of cultivated acreage was to the appellant a vital provision of the intended contract. But the courts must be governed by external manifestations of intent rather than by what may have been within a person's mind. Whatever appellant may have said on the subject was not sufficiently positive to impress her attorney with the need for inserting an exception in the contract or to remain in his memory when he was called to testify. Thus her case narrows down to her statement that appellee assured her that no cultivated land was being sold. In view of his denial and the want of corroboration, this testimony lacks the compelling force required in a suit to reform a contract for the sale of real estate.

By cross complaint appellee sought to recover oil and gas rentals collected by appellant after she had bound herself to convey by warranty deed upon completion of the deferred payments. The chancellor continued this phase of the controversy until the due date of the final installment. In the absence of a cross appeal we cannot sustain appellee's objections to this part of the decree.

Affirmed.

GRIFFIN SMITH, C. J., not participating.